Filed 5/22/14  P. v. Trend CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073792 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 10-0760) |
| v. | MODIFICATION OF OPINION UPON DENIAL OF PETITION FOR REHEARING |
| BRYAN JAMES TREND, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 29, 2014, be modified as follows:

1.      At the end of the last paragraph on page 2, after the third sentence ending "we have received no communication from defendant," add as footnote 1 the following footnote:

1

**1**. Defendant's supplemental brief was originally due on December 26, 2013.  On February 10, 2014, we granted his motion to file a late brief, due March 12, 2014.  We received no further communication from either defendant or his counsel and filed our original opinion on April 29, 2014.  On May 5, 2014, defendant's counsel filed a petition for rehearing, claiming that defendant had planned on filing a supplemental (pro per) brief and that "the undersigned, counsel of record, believes Mr. Trend timely submitted his supplemental brief, but somehow the brief did not reach the court."  The rehearing petition attached an (unfiled) copy of the letter brief that counsel stated she received from defendant; accordingly, she "believe[s] Mr. Trend made an appropriate effort to file his supplemental brief on time and his supplemental brief should be considered in rendering the decision." We decline to consider this unfiled attachment to the petition for rehearing and note that the request to consider an unfiled document, made nearly two months after its due date and in the absence of any actual evidence that it was filed, is not an appropriate use of resources by counsel.

As modified, the petition for rehearing is denied.  This modification does not change the judgment.

FOR THE COURT:


    NICHOLSON    , Acting P. J.



    MURRAY    , J.



    DUARTE    , J.


2

Filed 4/29/14 (unmodified version)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C073792 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 10-0760) |
| v. | |
| BRYAN JAMES TREND, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Bryan James Trend has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no errors and shall affirm the judgment.

**BACKGROUND**

On February 11, 2010, at about 4:44 p.m., an officer saw defendant and another person walking through a motel parking lot in an area known for drug activity.  The officer knew defendant was on parole; when defendant noticed the patrol car, he and the

1

other person tried to open one of the motel room doors.  The officer contacted defendant and searched him, finding two plastic baggies containing a total of 0.6 grams of methamphetamine.

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike and three prior prison terms (Pen. Code, §§ 1170.12, 667, subd. (e)-(i), 667.5).  The trial court suspended imposition of sentence and placed defendant on three years of probation with Proposition 36 drug treatment as a condition thereof, striking defendant's prior strike in order to do so.

Defendant admitted violating probation in September 2011.  The trial court imposed a six-year state prison term, suspended execution of sentence, and reinstated probation.  Probation was again reinstated after defendant admitted violating probation a second time in August 2012.

Following a contested hearing in April 2013, the trial court found defendant violated his probation a third time.  The trial court terminated probation, executed the previously imposed six-year prison term, imposed various fines and fees, and awarded defendant 356 days of presentence credit (218 actual and 138 conduct).

Defendant appeals.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

2

      DUARTE       , J.

We concur:


      NICHOLSON     , Acting P. J.


      MURRAY      , J.